------------------------------------------------------------------------------------

FROM: 68108018
TO:
SUBJECT: MOTION FOR INDORSEMENT ON INFORMATION
DATE: 02/08/2018 12:20:00 PM

------------------------

U.S. District Court
Middle District of Florida
United States of America, plaintiff vs. John Michael Haskew, defendant (terminated)
8:17-CR-40-T-27TBM

------------------------

Movant: John Michael Haskew, pro se
Motion: Order Clerk to write "John Michael Haskew" onto bill of information.

------------------------

Authority for motion: Middle District of Florida General Rule 1.08(a).

------------------------

Basis for motion: Movant is a witness for the state.

------------------------

Basis argument:
1. "Indorsement on information" means giving the name of a witness for the state.
2. No person shall be compelled to witness against himself.
3. A person may voluntarily witness against himself.
4. Movant voluntarily witnessed against himself.
5. Therefore Movant is a witness for the state.
6. Therefore Movant may indorse on information.

------------------------

Authority for basis argument (respectively):
1. Ballentine, James A. "Balletine's Law Dictionary". 3rd Edition. William S. Anderson, editor. The Lawyer's
   Co-operative Publishing Company, 1969. (See page 2 of this Motion.)
2. Amendment 5 U.S. Constitution.
3. Rule 11(a)1 Federal Rules of Criminal Procedure.
4. Transcript of arraignment. "Guilty."

------------------------

Affidavit:
Normally only a prosecutor signs an information. But the dictionary implies that every witness for the state is entitled to sign an information. A guilty plea is a witness for the state. Since I, John Michael Haskew, pleaded guilty, I am entitled to sign the information in my case. Since I am in prison, the Clerk must sign it for me.

------------------------

Movant's signature: *John M. Haskew*  , pro se

Page 1/2

FILED 2018 FEB 12 AM 11: 45 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA FLORIDA

## INDORSEMENT

one's own name on the back of a negotiable instrument, whereby one not only transfers one's full legal title to the paper but likewise enters into a contract, implied or express, dependent upon whether or not the signing of the name is accompanied by other words, and the particular words used, such as an implied guaranty that the instrument will be paid. Glaser v Connell, 47 Wash 2d 622, 289 P2d 364. An additional contract on the instrument; a new, independent, and substantive contract. 11 Am J2d B & N § 349. (For liability of indorser, see 11 Am J2d B & N §§ 598 et seq.) Signing one's name on the face of a bill or note with words indicating the character of the signature as an indorsement or the character of the signer as an indorser. Peoples Nat. Bank v Dicks, 258 Mich 441, 242 NW 825. A signature on a security in registered form or on a separate document assigning or transferring the security or granting a power to assign or transfer it, or the mere signature on the back of a security of a person having the right or authority to assign or transfer the instrument or empower another person to assign or transfer it. UCC § 8—308(1).

Broadly, a writing on the back of an instrument for any purpose, not necessarily the purpose of transfer or assumption of liability. 11 Am J2d B & N § 349. Technically confined to the theory of negotiability, but commonly used in application to the writing of a name on the back of a nonnegotiable instrument. Bank of America v Butterfield, 77 SD 170, 88 NW2d 909.

A signature upon the back of a will. 57 Am J1st Wills § 263. Most broadly, a writing upon either the back or margin of an instrument, for example, a writing indicating part payment. 34 Am J1st Lim Ac § 347. The marking of an envelope which contains a deposition to indicate such content and the title of the cause. 23 Am J2d Dep § 82.

See backing; blank indorsement; for account of; for clearing house purposes only; for collection; for deposit; full indorsement; general indorsement; guaranty of previous indorsements; irregular indorsement; previous indorsements guaranteed; proper indorsement; qualified indorsement; regular indorsement; restrictive indorsement; special indorsement; transfer by indorsement; usual course of business; waiver of presentment; waiver of protest; without recourse.

**indorsement after maturity.** An indorsement of a bill or note, the legal effect of which is, in general, that the holder takes the instrument subject to all the equities which existed between the original parties. 11 Am J2d B & N § 481.

**indorsement before due.** An indorsement of a bill or note the legal effect of which is that the holder takes the instrument discharged of all defenses which could arise out of equities which existed between the original parties. 11 Am J2d B & N § 398.

**indorsement for account.** See for account of.

**indorsement for clearing house purposes only.** See for clearing house purposes only.

**indorsement for collection.** See for collection.

**indorsement for deposit.** See for deposit.

**indorsement in blank.** See blank indorsement.

**indorsement in full.** See full indorsement.

**indorsement of ballot.** A statutory requirement in reference to ballots delivered to voters at an election; the initialing of a ballot upon the back thereof by an election official. 26 Am J2d Elect § 255.

**indorsement of deed.** Words of conveyance indorsed on an instrument to give it operation as a conveyance of property. 23 Am J2d Deeds § 37.

See in the within deed.

**indorsement on indictment.** Words written upon an indictment denoting its character as a "true bill." 27 Am J1st Indict § 42.

**indorsement on information.** Giving the names of witnesses for the state. 27 Am J1st Indict § 46; 6 Am J2d Attach §§ 312, 316; 30 Am J2d Exec § 552.

See return of process.

**indorsement on instruction.** The noting by the judge at the trial on each written instruction presented to him by counsel, the fact of giving or refusing it, by writing thereon either "given" or "refused" as the case may be. The court's error in omitting this practice is generally regarded as harmless. 53 Am J1st Trial § 534.

**indorsement on policy.** A physical addition to an insurance policy by written, typed or printed matter appearing on the margin of the instrument, on the back of the instrument, or on a separate sheet or sheets attached to the instrument, or in any manner other than in the body of the instrument. 29 Am J Rev ed Ins § 267.

**indorsement on writ.** In effect a return of the process by the officer to whom it was issued, noting the acts performed by him under the writ or the absence of service of the process.

**indorsement sans recours.** Indorsement without recourse.

See without recourse.

**indorsement with enlarged liability.** An indorsement of a bill or negotiable instrument with the written words "demand, notice, and protest waived, and payment guaranteed," appearing above the signature of the indorser. Buck v Davenport Sav. Bank, 29 Neb 407.

**indorsement without recourse.** See without recourse.

**indorser.** One who indorses; one who signs as an indorser; even one who signs on the face of the instrument, provided he indicates his character as an indorser in writing appearing with the signature. Peoples Nat. Bank v Dicks, 258 Mich 441, 242 NW 825. One who indorses a registered security by way of transferring or assigning the instrument or granting another the authority to assign or transfer it. 15 Am J2d Com C § 32.

See accommodation indorser; indorsement; satisfactory indorser.

**indorser duly notified in writing.** A phrase used in the entry of the protest of a negotiable instrument. Bell v Perkins, 7 Tenn (Peck) 261.

**indorser not holden.** See without recourse.

**indorser's liability.** The liability incurred by the indorsement of a negotiable instrument. 11 Am J2d B & N §§ 598 et seq.

**in dorso** (in dor'sō). On the back.

**in dorso recordi** (in dor'sō rē-kor'dī). On the back of the record.

**In dubiis, benigniora praeferenda sunt** (in du'bi-is, bē-nig-ni-ō'ra prē-fe-ren'da sunt). In doubtful cases, the more liberal constructions are to be preferred.

**In dubiis, magis dignum est accipiendum** (in du'bi-is, mā'jis dig'num est ak-si-pi-en'dum). In doubtful cases, the more worthy is to be adopted or accepted.

IN

**In dubiis, non praes**[...] is, non prē-zu'mi-t[...] cases, there is no [...]

**in dubio** (in du'bi-ō[...] a doubtful case.

**In dubio, haec legi**[...] dunt (in du'bi-ō, [...] ver'ba os-ten'dunt[...] struction which [...] adopted.

**In dubio, pars miti**[...] mi'she-or est se-q[...] milder course sho[...]

**In dubio pro dote,**[...] debitore, reo, re[...] dō'te, li-ber-tā'te[...] bi-tō're, re'ō, re[...] doubt the respon[...] innocence, of the[...] the defendant. [...] 605, 100 SW 10[...]

**In dubio, pro lege**[...] case of doubt, th[...]

**In dubio, sequend**[...] quen'dum quod [...] that course shou[...] one.

**indubitable proof.** [...] but is of such we[...] the facts alleged[...] 85 Pa 508.

**induce.** To lead [...] move by persu[...] Brooks, 82 Col[...]

**induce and encou**[...] clude every form[...] national Brothe[...] 95 L Ed 1299, [...]

**induced error.** S[...]

**inducing cause.** [...]

**inducement.** Th[...] promote an act[...] inducing the n[...] Fraud § 111. T[...] plaint in an act[...] which is to n[...] which, coupled[...] tered by the d[...] render it action[...] thus explained[...] not to concern[...] not to affect [...] § 239.

See entrapm[...]

**induciae** (in-dū[...] pension of ho[...]

**induct.** To lead [...] mally in the p[...] To place or in[...] into one of th[...] service under [...] Mil § 24.

**inducted.** Led [...] a benefice. M[...] forces after ha[...] service act. 3[...] A registra[...]

John M. Haskew 68108-018
Federal Prison Camp
P.O. Box 3949
Pensacola, FL 32516

PENSACOLA FL 325

09 FEB 2018 PM 11



⇔68108-018⇔
United States Courthouse
801 N Florida AVE
Tampa, FL 33602
United States

SCREENED
By USMS

33602-384999